UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>    Petitioner,<br><br>    v.<br><br>SUPREME COURT OF STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | No.  2:23-cv-2122 KJN P<br><br>ORDER |

Petitioner, a Placer County Jail inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.

1

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam). Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Petitioner's filing is difficult to decipher. Petitioner refers to two different convictions October 21, 2020, and September 27, 2021, resulting in sentences from April 29, 2017, to October 21, 2020, and another from December 19, 2020, to May 26, 2022. (ECF No. 1 at 1.) Petitioner claims there was no indictment, but then challenges a brief by the Attorney General in Case No. 62152196, referring to its word count and claiming printed names are different from signing, referring to signatures in 2017, but then notes inconsistencies in signatures from 2023. (ECF No. 1 at 4.)

Petitioner's filing fails to state a claim for habeas relief for the following reasons. First, a petition under 28 U.S.C. § 2254 requires that the petitioner be in custody pursuant to the conviction being challenged. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional and, therefore, "it is the first question" the court must consider. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). Custody means more than the fact of physical incarceration. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A serious restraint on a petitioner's liberty, such as probation or parole status, meets the "in custody" requirement. Maleng v. Cook, 490 U.S. 488, 492 (1989). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id.; Feldman v. Perrill, 902 F.2d 1445,

1448-49 (9th Cir. 1990).  Petitioner lists his address as the South Placer County Jail and he names the California Supreme Court, and the Bank of America as the respondents.  Petitioner must show his incarceration at the jail is based on the conviction or convictions he challenges and he must name as respondent the "state officer who has custody" of him.  28 U.S.C. § 2254(a).

Second, petitioner must clearly and simply set out his claims by:  (1) specifying all grounds of relief available to him; (2) stating the facts supporting each ground for relief; and (3) stating the relief he seeks.  Rule 2, Rules Governing § 2254 Cases.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d at 491.  Here, petitioner identifies no constitutional violation.

The petition fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.  Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner should clearly identify the conviction he challenges, and he should set forth the constitutional violation he is raising.  Petitioner may only challenge one conviction in this case, and must be in custody as a result of such conviction.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner is granted leave to proceed in forma pauperis;

2.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3.  Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

////

////

////

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

1  4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: October 19, 2023

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

khad2122.114