UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 23-cv-2122 KJN P |
| Petitioner, | |
| v. | ORDER |
| PLACER COUNTY SHERIFF, | |
| Respondent. | |

Petitioner is a county jail inmate, proceeding pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 3, 2023, petitioner filed an amended petition. On February 2, 2024, respondent filed a motion to dismiss, and the briefing period has not yet expired. In the meantime, petitioner filed two motions that do not oppose the pending motion to dismiss. As discussed below, petitioner's motions are denied.

Motion to Lift Stay and Consolidate Cases

Petitioner's motion to lift stay is unclear inasmuch as no stay has issued in this action. To the extent petitioner asks this court to lift a stay imposed in state court, this court has no jurisdiction to do so. Petitioner's motion to consolidate the instant case with his previous habeas case, No. 2:22-cv-0280 WBS KJN P (E.D. Cal.), is not well-taken inasmuch as the prior habeas case was dismissed without prejudice on July 5, 2023, judgment was entered, and the district court declined to issue a certificate of appealability. Thus, his motion is denied.

Putative Motion for Summary Judgment

On January 29, 2024, petitioner signed a one-page document styled, "Notice of Motion for Summary Judgment," claiming respondent failed to timely respond. (ECF No. 24.) However, petitioner's motion was premature because respondent was granted an extension until February 27, 2024, to file a responsive pleading. (ECF No. 21.) Moreover, petitioner's motion, docketed on February 8, 2024, crossed in the mail with respondent's February 2, 2024 motion to dismiss. Thus, petitioner's second motion is denied.

Further, federal habeas cases generally consist of an answer and a reply to the petition. Rule 5, R. Governing Section 2254 Cases. The habeas rules "do not contemplate either a trial or an additional set of briefing or hearing." Id. (explaining that the passage of AEDPA "worked a significant change in federal habeas corpus review of state court criminal convictions and severely limited the scope of review"). Thus, a motion for summary judgment is redundant and unnecessary. See Rizzolo v. Puentes, 2019 WL 1229772, at *1 (E.D. Cal. Mar. 15, 2019) (quoting Johnson v. Siebel, 2015 WL 9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015)) ("Because the Court's analysis of the merits of a habeas petition is equivalent to a summary judgment motion, '[m]otions for summary judgment are inappropriate in federal habeas cases.'").

Pending Motion to Dismiss

Petitioner is reminded that under Local Rule 230(l), his opposition to respondent's motion to dismiss is due twenty-one days from February 2, 2024, the date the motion was filed. Failure to oppose the motion may result in the dismissal of this action.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion to lift stay and to consolidate cases (ECF No. 23) is denied;

2. Petitioner's February 8, 2024 motion (ECF No. 24) is denied without prejudice; and

3. Petitioner's opposition to respondent's February 2, 2024 motion to dismiss is due twenty-one days thereafter.

Dated:  February 13, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/khad2122.den