UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-2122 CKD P |
| Petitioner, | |
| v. | ORDER |
| PLACER COUNTY SHERIFF, | |
| Respondent. | |

Petitioner, a Placer County Jail inmate, proceeds pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 12.) Respondent's fully briefed motion to dismiss is before the court. As discussed below, respondent's motion to dismiss is granted.

Governing Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

1

Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Thus, the court reviews respondent's motion to dismiss under Rule 4.

Background

In September of 2020, in Placer County Superior Court Case No. 62152196, petitioner pleaded no contest to assault with a deadly weapon, with an agreement that he would initially serve no state prison time. (ECF Nos. 22-1 at 3; 22-2 at 4.) The trial court suspended imposition of petitioner's sentence and put him on felony probation for five years. (Id.)

In January of 2021, the probation department filed a petition to revoke petitioner's probation, alleging he violated the terms of probation by shoplifting merchandise from a store. (ECF No. 22-2 at 4.) The trial court summarily revoked probation and held a contested hearing in February of 2021. (Id.) The trial court found the probation violation allegation true, terminated probation, and sentenced petitioner to the low term of two years in state prison. (ECF No. 22-2 at 4.) Petitioner was paroled and then discharged from parole on January 21, 2023. (ECF No. 22-3 at 2.)

The instant action was constructively filed on September 22, 2023 (ECF No. 1 at 6). Rule 3(d), Rules Governing Habeas Corpus Cases Under Section 2254. On February 2, 2024, respondent filed a motion to dismiss. (ECF No. 22.) On February 15, 2024, petitioner filed an opposition, and on February 22, 2024, respondent filed a corrected reply. (ECF Nos. 26, 28.)

Discussion

A petition under 28 U.S.C. § 2254 requires that the petitioner be in custody pursuant to the conviction being challenged. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional and, therefore, "it is the first question" the court must consider. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). Custody means more than the fact of physical incarceration. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A serious restraint on a petitioner's liberty, such as probation or parole status, meets the "in custody" requirement. Maleng v. Cook, 490 U.S. 488, 492 (1989). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id.; see also Feldman v. Perrill, 902 F.2d

1445, 1448-49 (9th Cir. 1990) (same).

Section 2254(a)'s language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 980. Here, petitioner's challenge to his conviction in Placer County Superior Court Case No. 62152196 lacks any nexus to his custody, as required by the plain text of § 2254(a). Petitioner was discharged from parole on January 21, 2023, and the instant action was filed on September 22, 2023. Because petitioner's parole was terminated prior to the filing of this action, this court is without jurisdiction to consider the petition, which must be dismissed. See Maleng, 490 U.S. at 492 ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

In his opposition, petitioner recounts events that took place in 2017, 2020 and 2021, but does not deny that he was discharged from parole on January 21, 2023, in Case No. 62152196, prior to the filing of this action.[1]

Petitioner was not returned to physical custody until he was arrested in April of 2023, on different charges in Case No. 62191291. But by then, petitioner had been discharged from parole in Case No. 62152196. The charges in Case No. 62191291 were dismissed on September 6, 2023, and new charges were filed in Case No. 62192738. But again, all of these events took place after the conviction in Case No. 62152196 had completely expired.

Petitioner argues that he is still suffering collateral consequences from the previous conviction because he faces serious enhancements based on the prior conviction. (ECF No. 26 at 5.) But a petitioner is not "in custody" under a conviction after the sentence imposed has fully

---

[1] Petitioner alleges he was in custody on May 13, 2021, at the time he filed his prior habeas action, 2:21-cv-0902 WBS KJN, but appears to believe the case was stayed pending state proceedings. (ECF No. 26 at 5.) However, petitioner's prior case was dismissed because petitioner's appeal was pending at the time he filed the habeas action. See Younger v. Harris, 401 U.S. 37 (1971). To the extent petitioner renews his request to combine the instant case with his prior habeas case, such request is denied. (See also ECF No. 25 at 1.) Because the prior case was dismissed, and the court lacks jurisdiction over the instant case, such consolidation is inappropriate.

3

expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction.  Maleng, 490 U.S. at 493; see also Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 403-04 (2001).  And if the conviction is subsequently used to enhance petitioner's criminal sentence, petitioner "generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Lackawanna, 532 U.S. at 404.

Therefore, respondent's motion to dismiss this action for lack of jurisdiction is granted because at the time petitioner filed this action, his challenged conviction in Case No. 62192738 had completely expired.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 22) is granted; and

2. This action is dismissed, and all pending motions are terminated.

Dated:  February 23, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/khad2122.mtd